IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| TONYA SMITH, | § | |
| *Plaintiff* | § § § | |
| v. | § § | CIVIL ACTION NO. 6:09-cv-00350 |
| PROCOLLECT, INC., | § § § | |
| *Defendant* | § | |

**DEFENDANT'S ORIGINAL ANSWER SUBJECT TO ITS CONTEMPORANEOUSLY FILED MOTIONS TO DISMISS FOR FORUM NON CONVENIENS, OR ALTERNATIVELY, MOTION TO TRANSFER VENUE**

TO THE HONORABLE COURT:

NOW COMES **PROCOLLECT, INC.,** hereinafter the "Defendant," and subject to its contemporaneously filed Motions to Dismiss for Forum Non Conveniens, or alternatively, its Motion to Transfer Venue, respectfully files this Original Answer to Plaintiff's Original Complaint and any subsequent amendments thereto:

A. Admissions & Denials

1. Defendant denies each and every allegation in Paragraph 1.

2. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations contained in Paragraph 2, and therefore denies the same.

3. Defendant admits that it is a domestic corporation engaged in the business of collecting debts, and regularly attempts to collect debts alleged to be due another. Defendant, however, denies each and every other allegation contained in Paragraph 3.

4. Defendant admits that it made contact with Plaintiff in an attempt to collect a valid debt, but denies each and every other allegation contained in Paragraph 4.

5. Defendant denies each and every allegation in Paragraph 5.

6. Defendant denies each and every allegation in Paragraph 6.

7. Defendant denies each and every allegation in Paragraph 7.

8. Defendant denies each and every allegation in Paragraph 8.

9. Defendant admits it received correspondence from Plaintiff's counsel regarding alleged violations of federal law, but upon investigation, Defendant determined that no violations took place or information requested was provided to Plaintiff's counsel which satisfied such request. All other allegations contained in Paragraph 9 are otherwise denied.

10. Defendant denies each and every allegation in Paragraph 10.

11. Defendant denies each and every allegation in Paragraph 11.

12. Defendant denies each and every allegation in Paragraph 12.

13. Defendant denies each and every allegation in Paragraph 13.

14. Defendant denies each and every allegation in Paragraph 14.

15. Defendant denies each and every allegation in Paragraph 15.

16. Defendant denies each and every allegation in Paragraph 16.

17. Defendant denies each and every allegation in Paragraph 17.

18. Defendant denies each and every allegation in Paragraph 18.

### B. Affirmative Defenses

19. Even if Plaintiff proves the allegations in her Complaint, ProCollect is not liable to Plaintiff because:

(a) Although Plaintiff alleges certain violations of the FDCPA, the FDPCA exculpates persons who make simple mistakes notwithstanding the use of reasonable procedures adopted to prevent making them. Because of the professional nature of ProCollect's business, ProCollect maintains policies, procedures and practices to prevent the kinds of mistakes alleged by Plaintiff. Any action taken which could be misconstrued as a violation of the FDCPA was nothing other than a bona fide mistake, notwithstanding the use of reasonable procedures ProCollect has adopted to avoid such a mistake. *See* TITLE 15 SECTION 1692K(C) OF THE U.S. CODE.

(b) Although Plaintiff alleges certain violations of Chapter 392 of the Texas Finance Code, the Code exculpates persons who make simple mistakes notwithstanding the use of reasonable procedures adopted to prevent making them. Because of the professional nature of Defendant's business, Defendant maintains policies, procedures and practices to prevent the kinds of mistakes alleged by Plaintiff. Any action taken which could be misconstrued as a violation of the Texas Finance Code was nothing other than a bona fide mistake, notwithstanding the use of reasonable procedures Defendant has adopted to avoid such a mistake. *See* Sec. 392.401 of the Texas Finance Code.

20. Defendant is not liable to Plaintiff because Plaintiff was the main, contributory factor in causing the alleged violations.

21. Defendant is not liable to Plaintiff because the alleged injuries, harm and/or damages suffered by Plaintiff, if any, were directly or proximately caused by the acts of herself, or one or more third-parties, for whom Defendant is not liable.

22. Defendant is not liable to Plaintiff because of a mistake.

23. If Defendant is found liable, Defendant intends to seek a reduction of damages under the proportionate responsibility statute.

24. Venue is inconvenient to Defendant. *See* Defendant's contemporaneously filed Motions to Dismiss for Forum Non Conveniens, or in the alternative, Motion to Transfer Venue.

**WHEREFORE**, Defendant prays that if this case is not dismissed for forum non conveniens, or moved to an appropriate Federal District Court, that upon trial, Plaintiff takes nothing on her claims; for its costs herein incurred, and such other and further relief to which Defendant may be justly entitled.

Respectfully submitted,

By: /s/ David Goodhart
**DAVID GOODHART**
State Bar No. 00798216
190 S. Collins Rd., Suite 102
Sunnyvale, Texas 75182
(972) 226-6600 (Telephone)
(972) 226-6603 (Facsimile)

ATTORNEY FOR DEFENDANT

**CERTIFICATE OF SERVICE**

I certify that a true copy of the above Defendant's Original Answer Subject To Its Contemporaneously Filed Motions to Dismiss for Forum Non Conveniens, or in the Alternative, Motion to Transfer Venue has on this 14th day of October, 2009, been delivered via facsimile, to Susan Landgraf, Weisberg & Meyers, LLC, the attorney for Plaintiff, at 108 E. 46th Street, Austin, Texas 75751 - Telephone: (886) 775-3666; Facsimile: (866) 317-2674.

/s/ David Goodhart
David Goodhart
Attorney for Defendant