IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| TONYA SMITH | § | |
| | § | |
| v. | § | CASE NO. 6:09-CV-0350 |
| | § | |
| PROCOLLECT, INC. | § | |

MEMORANDUM OPINION AND ORDER
REGARDING MOTION FOR SUMMARY JUDGMENT

Plaintiff, Tonya Smith, filed this complaint against Defendant, ProCollect, Inc. ("ProCollect"), claiming violations of the Fair Debt Collection Practices Act ("FDCPA") and Texas Debt Collection Practices Act ("TDCPA") concerns an attempt to collect a debt related to a dental treatment. Currently pending before this Court is Defendant's Motion for Summary Judgment ("Motion")(docs. #41-42). After due consideration of the submissions and the relevant law stated below, the undersigned finds for the Plaintiff.

*Procedural & Factual Background*

Smith incurred a debt related to a dental treatment. Smith had an unpaid balance of $413.00 and agreed to make two payments of $206.50 to Dr. Alan Nix. Smith made her first payment of $206.50 but was unable to make the last payment due to financial difficulties. In an attempt to collect the debt, Smith alleges ProCollect repeatedly made harassing phone calls (as many as six calls per day), hung up on Smith, threatened to continue calling until she paid the debt in full, called her a "bitch" when she informed ProCollect that she had retained counsel, failed to provide the required verification when asked, and failed to inform Smith of her verification rights by not including the required 1692g disclosures. Alternatively, Smith asserts that her verification rights

were overshadowed by threats.  In her Amended Complaint, Smith alleges the following violations: FDCPA §§ 1692d (prohibits conduct the natural consequence of which is to harass, oppress, or abuse a person in connection with the collection of a debt), 1692d(5) (causing a telephone to ring repeatedly or continuously with intent to annoy, abuse, or harass), 1692g(a) (failure to provide required notice in the validation letter), 1692g(b) (collection shall cease until consumer receives verification of debt), TEX. FIN. CODE ANN. § 392.304(a)(19) (prohibits false representation or deceptive means to collect a debt) of the TDCPA, and Texas Deceptive Trade Practices Act ("TxDTPA").  On September 17, 2010, the Court accepted Smith's request to withdraw the TxDTPA claim.

On July 15, 2010, ProCollect filed the current Motion supported by deemed admissions resulting from Smith's failure to timely respond to Requests for Admissions.  Smith sought to avoid summary judgment by filing Motions to Withdraw Deemed Admissions (doc. #43), Motion to Stay Summary Judgment (doc. #51), Motion to Amend/Correct Complaint (doc. #50), and Response in Opposition of Summary Judgment (doc. #48).  ProCollect filed its Motion to Strike Affidavit of Tonya Smith filed in Opposition to ProCollect's Motion for Summary Judgment (doc. #55) contending that Smith's affidavit is contrary to the deemed admissions.  As a result of those filing, the Court entered two orders.  The first Order (doc. #70) permitted Smith to withdraw her deemed admission.  To cure any prejudice to ProCollect, the Order found that ProCollect could file a Motion to Compel and could file an amended summary judgment.  The second Order (doc. #71) permitted Smith leave to file her Amended Complaint and allowed ProCollect to file an amended summary judgment.

On September 9, 2010, Smith filed her Amended Complaint (doc. #72).  She alleged that

ProCollect failed to provide the required FDCPA validation language, added the "overshadowing" language claim, as well as a corresponding state claim for "overshadowing," modified her TxDTPA claim, and removed her common law invasion of privacy by intrusion claim. ProCollect denied all allegations set forth in Smith's Amended Complaint and asserted the affirmative defense of bona fide error.

ProCollect filed its Motion to Compel and Request for Expenses (doc. [#73](#)). The Court found (doc. [#76](#)) in favor of ProCollect and overruled Smith's discovery objections. The Court accepted Smith's request to withdraw the TxDTPA claim and granted ProCollect leave to file an additional dispositive motion regarding the new overshadowing claims asserted in Smith's Amended Complaint.

Accordingly, on November 22, 2010, ProCollect filed a Motion for Partial Summary Judgment (doc. [#83](#)) seeking to dismiss Smith's Counts III, IV, and V in her Amended Complaint. Count III alleges that ProCollect failed to provide the required notice language in the initial validation letter. Court IV and V allege that language included in the validation letter overshadows the required notice language in violation of FDCPA § 1692g(b) or TDCPA (Count IV) and Tex Fin. Code Ann. 392.304(a)(19)(Count V). ProCollect contended that the claims should be dismissed because Smith could not produce the November 10, 2008 initial validation letter which is central to the merits of her claims. Smith offered two exemplary form letters used by ProCollect and relied on Federal Rule of Evidence 1002 to prove the contents of the November 10, 2008 validation letter. The Court found that Smith was relieved of the burden of producing the November 10, 2008 validation letter and can present secondary evidence because Smith has shown that the letter is lost or destroyed and that there was no evidence of bad-faith on her part. Accordingly, ProCollect's

Partial Summary Judgment was denied (doc. #89).

On April 5, 2011, ProCollect filed a Supplemental Appendix in Support of its Motion for Summary Judgment (doc. #93). ProCollect included an opinion by the Southern District of Texas on the matter of *Cole v. ProCollect, Inc.* ProCollect asserts that the *Cole* case is similar to the present case in terms of the alleged claims and violations. Summary judgment was granted in favor of ProCollect in *Cole*.

On April 8, 2011, Smith filed an objection to ProCollect's Supplemental Appendix(doc. #105). Smith contends that there is currently no pending summary judgment motion because the deemed admissions were withdrawn per the Court's order. ProCollect's Motion for Partial Summary Judgment was an amendment to its original summary judgment which the Court has denied. Also, the *Cole* opinion is factually inapposite. Specifically, the contents of the November 10, 2008 letter is in dispute. In *Cole*, the contents of the letter were not disputed. Smith contends that the *Cole* opinion is inconsistent with FDCPA standards and that the holding may be repudiated by the Fifth Circuit.

ProCollect's Motion originally contended that summary judgment is proper because (1) the deemed admissions negate each of Plaintiff's FDCPA claims; (2) even without considering the deemed admissions, ProCollect evidence negates the existence of a material element, (3) Smith lacks evidence to support the essential elements of her claims; (4) Smith fails to state a claim for TxDTPA violation; and (5) Smith has no evidence to support her claims of damages. In addition, ProCollect asserts the defense of a bona fide error.

On January 3, 2011, the Court ruled (doc. #89) that ProCollect's Partial Summary Judgment was denied as to Sections 1692g(a) and (b) and the Texas Debt Collection Practice Act. Thus, this

opinion will address the remaining issues: Sections 1692d and 1692d(5), claims for actual damages, and the bona fide error defense.

*Discussion and Analysis*

## II.  Summary Judgment Standard

Rule 56(c) of the FED. R. CIV. P. provides that the court shall grant summary judgment if the movant shows that there is no genuine dispute[1] as to any material fact and the movant is entitled to judgment as a matter of law.   The party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp v. Catrett*, 477 U.S. 317, 325 (1986).  The moving party, however, "need not negate the elements of the nonmovant's case." *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994)(en banc).  The movant's burden is only to point out the absence of evidence supporting the nonmoving party's case. *Stults v. Conco, Inc.,* 76 F.3d 651, 655 (5th Cir. 1996).  Once the moving party makes a properly supported motion for summary judgment, the nonmoving party must look beyond the pleadings and designate specific facts in the record showing that there is a genuine issue for trial. *Id.*   Neither "conclusory allegations" nor "unsubstantiated assertions" will satisfy the nonmovant's burden. *Id.*

Summary judgment is inappropriate if the evidence before the court, viewed as a whole,

---

[1]As amended December 1, 2010.  Per the Advisory Committee Notes on 2010 amendments, Rule 56 is revised to improve the procedures for presenting and deciding summary-judgment motions and to make the procedures more consistent with those already used in many courts. The standard for granting summary judgment remains unchanged. The language of subdivision (a) continues to require that there be no genuine dispute as to any material fact and that the movant be entitled to judgment as a matter of law. The amendments will not affect continuing development of the decisional law construing and applying these phrases.

could lead to different factual findings and conclusions. *Honore v. Douglas*, 833 F.2d 565 (5th Cir. 1987). The district court must look to the full record, including the pleadings, affidavits, and depositions. *Williams v. Adams*, 836 F.2d 958, 961 (5th Cir. 1988). Under this standard, fact questions are considered with deference to the nonmovant. *Reid v. State Farm Mutual Automobile Insurance Co.*, 784 F.2d 577, 578 (5th Cir.1986). The evidence of the nonmovant is to be believed and all justifiable inferences are to be drawn in her favor. *Anderson v. Liberty Lobby*, 477 U.S. 242, 255 (1986). The court resolves factual controversies for purposes of summary judgment in favor of the nonmoving party, but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts. *Little v. Liquid Air Corp.*, 37 F.3d at 1075. The court does not, however, in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts. *Wallace v. Texas Tech University*, 80 F.3d 1042, 1048 (5th Cir. 1996) (citing *Little v. Liquid Air Corp*, 37 F.3d at 1075).

"The mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 247-248. An issue is "genuine" if the evidence supporting its resolution in favor of the party opposing summary judgment, together with any inference in such party's favor that the evidence allows, would be sufficient to support a verdict in favor of the party. *St. Amant v. Benoit*, 806 F.2d 1294, 1297 (5th Cir. 1987). A "material fact" is one that might affect the outcome of the suit under governing law. *Anderson v. Liberty Lobby*, 477 U.S. at 248. "When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts . . . Where the record taken as a whole could not lead a rational trier of fact to find for the

nonmoving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-587 (1986) (footnote omitted).

## II.  Sections 1692d and1692d(5)

The FDCPA seeks to eliminate "abusive, deceptive, and unfair debt collection practices" by regulating the type and number of contacts a "debt collector" can make with a debtor.  *See* 15 U. S.C. § 1692.  The purpose is to "eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.  *See* 15 U. S.C. § 1692(e).

### a.  Section 1692d Claim - Harassment or abuse

Smith alleges that ProCollect violated 15 U.S.C. § 1692d by hanging up on her when she requested verification and stated that she was unable to pay the balance in full.  She asserts ProCollect called her a "bitch" when she informed them that she had retained counsel.  ProCollect denies these allegations.  ProCollect contends that the debt collectors used scripted "talk-off" sheets which obligated them to use form language when speaking with debtors.  The "talk-off" sheets never include profane language and such language is prohibited per company policy and procedure. According to Barry Curtis, the Vice-President of ProCollect's Recovery Operations, and part-owner of ProCollect, the Call Notes for Smith do not indicate any discussions outside of the "talk-off" sheet.

Section 1692d states that a debt collector "may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."  15 U.S.C. § 1692d.  In addition, Section 1692d(2) provides that "the use of obscene or

profane language the natural consequence of which is to abuse the hearer or reader" is a violation of this section. 15 U.S.C. § 1692d(2). Such offensive language might encompass name-calling, racial or ethnic slurs, and other derogatory remarks which are similar in their offensiveness to obscene or profane remarks. *Jeter v. Credit Bureau, Inc*., 760 F.2d 1168, 1178 (11th Cir. 1985). Furthermore, whether conduct harasses, oppresses, or abuses will be a question for the jury. *Id.* at 1179.

Clearly, a genuine dispute of a material fact exists because there is conflicting evidence with respect to whether profane language was used in an attempt to the collect the debt in question. Unlike the debtor in *Cole* who claimed the debt collectors were a "little rude," Smith claims that profane language was used. If the fact finder believes Smith's story, ProCollect would be in violation of the FDCPA. Therefore, ProCollect's Motion for Summary Judgment is denied as to Section 1692d.

**b. Section 1692d(5) Claim**

Smith alleges that ProCollect continuously telephoned Smith from 8:05 a.m. through 8:55 p.m. and as many as six times per day with the intent to harass her in violation of 15 U.S.C. § 1692d(5).

ProCollect contends that it called Smith less than 20 times over an 8-month collection period and that she was never called twice in the same day. According to the affidavit of Barry Curtis, ProCollect relied on a computer software program called "Recovery System" to track and memorialize all contact with a debtor by generating "Call Notes." The software tracks all contact with a debtor, contains complete information regarding the account, and theoretically prevents harassing or oppressive contact by regulating how often the debtor is contacted.

The debtor's account is not available for collection until the initial validation notice is sent. Once the initial validation notice is sent and noted by Call Notes, the account then becomes active for collection and accessible to collectors. However, once a contact is made through the software system, the debtor's account is automatically suspended by the system to prevent multiple calls during a short period of time. Suspension is typically for at least a day unless the debtor calls or requests a follow-up. Otherwise, the debt collector must wait for the system to provide instructions to call the debtor. Once the system instructs a debt collector to call the debtor, the system initiates the call, automatically date stamps and time stamps the call, and requires the debt collector to enter the results of the call. Curtis also stated that Call Notes are reviewed on a bi-weekly basis by a collection manager or supervisor to determine whether the use of lawful debt collection methods and techniques are being used. Moreover, ProCollect's intent was not to harass Smith but to collect an unpaid debt.

Section 1692d (5) prohibits a debt collector from "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number." 15 U.S.C. § 1692d(5).

Other than Smith's affidavit, she provided no other evidence that ProCollect called her more than six times per day. It is unclear as to whether such calls occurred daily, monthly, or on one occasion. According to the Call Notes for Smith's account, she was sent an initial validation letter on November 10, 2008. Call Notes reflect that Smith was first called on November 13, 2008 at 3:21 p.m. It was noted in Call Notes that Smith disputed the balance of $413.00 and said she only owed $206.50. Smith stated she would find the receipt and contact the doctor's office. It was further noted that Smith stated the doctor's office did not want to talk to her but she stated she would call

back. On the same day, a total of four entries, excluding the initial call were entered in Call Notes. No calls were made after 5 p.m. on that day. Further review of the Call Notes revealed no calls were made after 6 p.m. and no more than two outgoing calls were made per day during the 8-month collection period.

The reasonableness of the volume and pattern of telephone calls is a question of fact best left to a jury. *Jeter*, 760 F .2d 1168 at 1179-80. Courts disagree, however, as to the amount or pattern of calls sufficient to raise a triable issue of fact regarding the intent to annoy, harass, or oppress. Under the summary judgment standard, fact questions are considered with deference to the nonmovant. *See Reid v. State Farm Mutual Automobile Insurance Co.*, 784 F.2d 577, 578 (5th Cir.1986). Thus, assuming the truth of the facts and viewing the evidence in favor of Smith, the Court finds there is an issue of material fact as to the amount or pattern of calls and whether the conduct constitutes harassment. Therefore, the Court declines to trespass on the purview of the jury and finds that ProCollect's Motion for Summary Judgment is denied as to Section 1692d(5).

### III. Bona Fide Error Defense

ProCollect argues that it cannot be held liable for any alleged FDCPA violations under the bona fide error defense pursuant to 15 U.S.C. § 1692k(c). ProCollect contends that the alleged violations were not intentional. ProCollect implemented policies and procedures which were reasonably adapted to prevent intentional violations of the FDCPA.

Section 1692k(c) provides that "[a] debt collector may not be held liable in any action brought under [the FDCPA] if the debt collector shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error." 15 U.S.C. § 1692k(c). To prevail on this

defense, ProCollect bears the burden of showing (1) that the presumed statutory violation was not intentional, (2) that it resulted from a bona fide error, and (3) that ProCollect maintained procedures reasonably adapted to avoid any such error. *Johnson v. Riddle*, 443 F.3d 723, 727-728 (10th Cir. 2006). The first prong is a subjective test requiring a credibility determination concerning ProCollect's assertions that the violations were unintentional. *Id.* at 729. The second and third prongs are analyzed under the objective test. *Id.* To assess whether ProCollect's procedures satisfy the second and third prongs, an inquiry is needed to assess whether any procedures were actually implemented and whether such procedures "were reasonably adapted to avoid the specific error at issue." *Id.*

Smith argues that calling her a "bitch" and repeatedly hanging up on her cannot be categorized as an accident. Smith further alleges that the procedures adapted by ProCollect are not reasonably adapted to avoid such error. Even though the "talk-off" sheets do not contain profanity and debt collectors are told not to use profanity, Smith contends that the ProCollect procedures were not "specifically tailored" to prevent the debt collectors from calling Smith a "bitch" and hanging up on her.

There remains a material dispute as to whether ProCollect has established the bona fide error defense by a preponderance of the evidence. A reasonable jury could find that ProCollect's procedures were not reasonably calculated to avoid the error at issue and that the error was not bona-fide. Alternatively, a reasonable jury may find that ProCollect procedures were sufficient, and that the error was bona fide and unintentional. Thus, there remain a material dispute of fact for which the granting of summary judgment is inappropriate.

## IV. Actual Damages and Attorney's Fees

ProCollect contends that Smith has produced no evidence of actual damages and has not designated any experts for the recovery of attorneys' fees. Smith argues that 15 U.S.C. 1692k provides for statutory damages of which the showing of actual damages is not necessary. She further contends that she need not designate an expert on attorneys' fees and the burden to contest her attorney's fees rests with ProCollect.

Section 1692k provides the following:

> (a) Amount of damages. Except as otherwise provided by this section, any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person in an amount equal to the sum of-
>
>> (1) any actual damage sustained by such person as a result of such failure;
>>
>> (2)(A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $ 1,000;
>>
>> (3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court. On a finding by the court that an action under this section was brought in bad faith and for the purpose of harassment, the court may award to the defendant attorney's fees reasonable in relation to the work expended and costs.

15 U.S.C. §1692k.

The FDCPA does not require proof of actual damages as a condition to the recovery of statutory damages. *Rogers v. B-Real, L.L.C. (In re Rogers),* 391 B.R. 317 (Bankr. M.D. La. 2008) *See Keele v. Wexler*, 149 F.3d 589, 593-94 (7th Cir. 1998)), citing *Bartlett v. Heibl*, 128 F.3d 497, 499 (7th Cir.1997). *See also Baker v. G.C. Services Corp.*, 677 F.2d 775, 781 (9th Cir.1982) ("[S]tatutory damages are available without proof of actual damages" under the FDCPA). In other

words, the FDCPA "is blind when it comes to distinguishing between plaintiffs who have suffered actual damages and those who have not." *Keele*, 149 F.3d at 593-94.

The FDCPA permits courts to award attorneys' fees to plaintiffs and defendants depending on the outcome of the case. *Allen v. Scott*, 2011 U.S. Dist. LEXIS 8350 (N.D. Tex. Jan. 19, 2011). A plaintiff who is successful in bringing the action shall recover reasonable attorney's fees and the costs of the action. 15 U.S.C. § 1692k(a)(3). If the plaintiff does not succeed, a defendant "may" recover reasonable attorney's fees if the Court finds "that an action under this section was brought in bad faith and for the purpose of harassment." *Id*.

A two-step process is used in determining the amount of attorneys' fees to which a prevailing party is entitled. *Hopwood v. Texas*, 236 F.3d 256, 277 (5th Cir. 2000). First, a "lodestar" is established by multiplying the reasonable amount of hours spent on the case by the reasonable hourly rate. *Id*. A reasonable rate for attorneys fees awarded under § 1692k(a)(3) is the prevailing market rate for attorneys of comparable experience employed in cases of similar complexity. *See Cope v. Duggins*, 203 F.Supp.2d 650, 655 (E.D.La. 2002) (citing *Blum v. Stenson*, 465 U.S. 886, 895-96 n. 11 (1984)). Second, the court considers whether the lodestar amount should be adjusted upwards or downwards based on the factors set out in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974). The Supreme Court has held that there is a "strong presumption" that the lodestar figure, without adjustment, is the reasonable fee award. *Kenny v. Perdue*, 532 F.3d 1209 (11th Cir. 2008) (citing *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992); *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986)).

Thus, contrary to ProCollect's contentions, Smith need not show actual damages and need not designate an expert for attorney's fees.

*Conclusion*

Accordingly, ProCollect's Motion for Summary Judgment (docs. #40-42) is **DENIED**. It is further **ORDERED** that Plaintiff's Motion to Stay Summary Judgment (doc. #51) and Defendant's Motion to Strike Response in Opposition to Motion (doc. #55) are **DENIED** as moot.

So **ORDERED** and **SIGNED** this **12** day of **April, 2011.**

_____

JUDITH K. GUTHRIE
UNITED STATES MAGISTRATE JUDGE